JiGAUDIN, Judge.
Ted L. Durbin was convicted of two counts of armed robbery (LSA-R.S. 14:64) by a jury in the 24th Judicial District Court. He was sentenced to 40 years at hard labor on each count without benefit of parole, probation or suspension of sentence. These sentences were then vacated and Durbin adjudged a multiple offender. He was sentenced to 100 years at hard labor on each count, to run consecutively, without benefit of parole, probation or suspension of sentence. On appeal, he contends the sentences were excessive.
Initially, we note that the State concedes that Durbin was illegally sentenced under the multiple offender statute (LSA-R.S. 15:529.1). When two convictions are entered the same day, as was the case here, only one count of a multi-count indictment can be used to enhance a penalty. Accordingly, we will vacate one of the 100-year sentences and remand for resentencing.
The record supports the trial judge’s imposition of the remaining 100-year sentence. We affirm it.
On March 10, 1989, at approximately 8 a.m. in Marrero, Louisiana, Durbin threatened a convenience store clerk with a knife. He fled with the cash register drawer. About two hours later, Durbin entered a food store in |2Gretna, Louisiana, pointed a handgun at the cashier and left with the cash register. The cashier saw Durbin and a black male drive off in a little red automobile.
Officer Brent Cosseau of the Gretna Police Department was working an off-duty security detail when he heard reports of the second robbery over the police radio. He spotted what appeared to be Durbin’s car speeding toward the Fischer housing development in Algiers, Louisiana. Cosseau notified the Gretna Police Department by radio.
Lt. Anthony Christina heard Cosseau’s radio message. He drove into the housing development, where he saw a black male exit the red car and flee. Durbin sped off. A high-speed chase ensued, during which Dur-bin pointed his pistol directly at Lt. Christina.
Durbin eventually abandoned his vehicle on the Mississippi River levee. He led police officers on a foot chase before being apprehended.
Durbin argues that his armed robberies were “garden variety” crimes, occurring two hours apart, that nobody was injured and that he should be given an appropriately short sentence.
The trial judge, however, did not agree. In sentencing Durbin to the 40-year sentences on August 24, 1990, the trial judge stated that Durbin had “... shown no re *1037 morse over what you’ve done or wish to straighten out your life. This crime is a serious crime and when you were fleeing ..., you placed police officers and numerous other people at risk in going down a one-way street and having a chase worse than you see in some of the television shows.”
The trial judge also said that he had “... specifically found that there is a risk that if you were given any type of suspended sentence ... that youjjjwould commit another crime and that you are in need of institutional incarceration ...”
Later, on July 26,1991, when the enhanced sentences were handed down, the trial judge said that in preparation for sentencing, he had “... been shown a copy of Mr. Durbin’s rap sheet and noted that he had a number of felony arrests and multiple misdemeanor arrests.” At the enhanced sentencing hearing, the prosecution produced testimony and documentary evidence showing that Durbin did in fact have a prior felony record, which included pleas of guilty to possession of stolen things and simple burglary.
Durbin, under the multiple offender statute, could have been sentenced to 198 years for one of the armed robberies committed on March 10, 1989. We cannot say that a 100-year sentence was excessive, considering Durbin’s background and the trial judge’s findings.
We affirm the 100-year sentence for the second armed robbery, the one committed in Gretna. We remand for sentencing for the Marrero armed robbery.
AFFIRMED IN PART; ONE SENTENCE VACATED, REMANDED.